IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| UNITED SPECIALTY AUTOMOTIVE, LLC, et al., | § § § § | Civil Action No. 4:25-CV-00765-P |
| Defendant. | § § | |

---

# UNITED SPECIALTY AUTOMOTIVE COMPANY AND USA RAIL LOGISTICS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY DEMAND

United Specialty Automotive, LLC ("United") and USA Rail Logistics, LLC's (collectively "Defendants"), and hereby files their Answer, Affirmative Defenses, and Request for Jury Demand to Admiral Insurance Company ("Admiral") Complaint for Declaratory Judgment as follows:

## I.
## PARTIES

1. Admit.

2. Defendants admit it is incorporated in Texas and has its principal place of business in Texas.

3. Defendants admit it is incorporated in Texas and has its principal place of business in Texas.

## II.
## JURISDICTION AND VENUE

4. The foregoing paragraphs are incorporated herein by reference.

5. Jurisdiction will depend on whether the underlying claimants are necessary parties.

6. Admit.

7. Defendants admit its limited liability with its principal place of business is in Texas. To the extent the remaining allegations contained in paragraph 7 could be construed to assert factual allegations against Defendant, the allegations are denied.

8. Defendants admit they are LLCs with their principal place of business is in Texas. To the extent the remaining allegations contained in paragraph 8 could be construed to assert factual allegations against Defendant, the allegations are denied.

9. Admit.

10. After reasonable research we are unable to admit or deny.

## III.
## FACTS

11. The foregoing paragraphs are incorporated herein by reference.

12. Admit.

### A. The Underlying Lawsuit

13. The allegations speak for themselves.

14. We deny the Third Amended Complaint was attached as an exhibit. The pleadings should speak for themselves.

15. The allegations of the Complaint speak for themselves.

16. The allegations of the Complaint speak for themselves.

17. The allegations of the Complaint speak for themselves.

18. The allegations of the Complaint speak for themselves.

19. The allegations of the Complaint speak for themselves.

20. The allegations of the Complaint speak for themselves.

21. We admit that Admiral is providing a defense, but we deny the remaining allegations in Paragraph 21.

**B. The Admiral Policy**

22. We deny the policy is attached. The policy speaks for itself.

23. The policy speaks for itself.

24. The policy speaks for itself.

## IV.
## COUNT I

25. The foregoing paragraphs are incorporated herein by reference.

26. The policy speaks for itself.

27. The policy speaks for itself. Admiral did not attach Exhibit C.

28. The policy speaks for itself. Admiral did not attach Exhibit D or E. The documents will speak for themselves.

29. The policy speaks for itself. To the extent there are legal assertions, they do not require a response.

30. The policy speaks for itself.

31. The policy speaks for itself. Legal arguments require no response.

32. We admit that Admiral is seeking a Declaration from the Court.

## COUNT II

33. The foregoing paragraphs are incorporated herein by reference.

34. Legal conclusions do not require a response.

35. The policy speaks for itself.

36. The policy speaks for itself.

37. The Complaint speaks for itself.

38. The Complaint speaks for itself.

39. Legal assertions require no response.

40. Deny.

41. Legal arguments require no response.

## V.
## JURY DEMAND

42. No response needed.

## VI.
## CONDITIONS PRECEDENT

43. After a diligent search we do not know.

## PRAYER FOR RELIEF

44. Deny that Admiral is entitled to the relief it seeks.

## VII.
## AFFIRMATIVE DEFENSE

45. Defendants state that the Admiral policy unambiguously provides coverage for the underlying lawsuit. In the alternative, the Admiral insurance policy is ambiguous and must be construed in favor of coverage.

        BY: /s/ Linda M. Dedman
        Linda M. Dedman
        State Bar No. 24007098
        DEDMAN LAW, PLLC
        12720 Hillcrest Rd., Suite 1042
        Dallas, TX 75230
        Tel: 214-361-8885
        Fax: 214-363-4902
        ldedman@coveragelawdallas.com

## CERTIFICATE OF SERVICE

    The underlying hereby certifies that on November 17, 2025, a true and correct copy of the foregoing document has been forwarded to each attorney of record via electronic service by the Court's ECF/CMS system in accordance with the Federal Rules of Civil Procedure.

                                            */s/ Linda M. Dedman*
                                            Linda M. Dedman

UNITED SPECIALTY AUTOMOTIVE COMPANY AND USA RAIL LOGISTICS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY DEMAND    5